J. C. Murphy and E. L. Lyon, for appellant.

Charles W. Hadley, for appellee.

Mr. Justice Whitney delivered the opinion of the court.

### Abstract of the Decision.

1. Automobiles and garages, § 1*—*when finding of guilty of unlawful speed sustained by evidence.* In an action to recover a penalty for running an automobile at a rate of speed prohibited by statute, a finding of guilty *held* sustained by sufficient evidence.

2. Automobiles and garages, § 1*—*necessity of intent to constitute violation of automobile law.* The only intention necessary to render a person liable to a penalty for a violation of the automobile law is the doing of the act prohibited.

3. Appeal and error, § 1715*—*when objection to remedy for review waived.* The right of appellee to raise the question that the case could only be presented for review by a writ of error is waived by joining in a stipulation as to the bill of exceptions and filing briefs in the Appellate Court.

### The People of the State of Illinois ex rel. Emily Jane Ray, Appellee, v. John DeWalt, Appellant.

### Gen. No. 5,965. (Not to be reported in full.)

Appeal from the County Court of Marshall county; the Hon. Walter A. Clinch, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded. Opinion filed July 31, 1914.

### Statement of the Case.

Action by the People of the State of Illinois ex rel. Emily Jane Ray against John DeWalt charging the defendant with being the father of a bastard child of

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

4     APPELLATE COURTS OF ILLINOIS.

The M. G. Ogle Co-Op. House Furn. Co. v. Shauman, 188 Ill. App. 4.

Emily Jane Ray. From a judgment of conviction, defendant appeals.

HOMER BARNEY and QUINN, QUINN & McGRATH, for appellant.

HENRY E. JACOBS, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

### Abstract of the Decision.

INSTRUCTIONS, § 48*—*when instruction as to weight of evidence misleading.* An instruction in a bastardy proceeding telling the jury that the most convincing evidence was on the side of the People, and also telling the jury that the law is that the most convincing evidence is on the side of the People without regard to the number of witnesses, *held* misleading, and the giving of the same reversible error.

---

## The M. G. Ogle Co-Operative House Furnishing Company, Appellant, v. J. I. Shauman, Appellee.
### Gen. No. 5,970.

1. ASSIGNMENTS, § 3*—*right to assign future wages by power of attorney.* A workman cannot execute a power of attorney to authorize the assignment of wages to be earned in an employment which he is not engaged, and has no contract for, at the time of the execution of the power of attorney.

2. ASSIGNMENTS, § 3*—*right of workman to assign wages.* A workman cannot by himself assign wages to be earned in a future employment for which he has not contracted at the time of the assignment.

Appeal from the Circuit Court of Warren county; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 31, 1914.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.